Ali Kamarei, State Bar No. 175977
Inhouse Counsel
50 W. San Fernando Street, Ste. 900
San Jose, CA 95113
Tel: (408) 918-5393
Fax: (408) 918-5373

Attorneys for Plaintiff
*Vu Doan dba Vaporall*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **VU DOAN DBA VAPORALL,** | Case No. |
| Plaintiff, | |
| v. | **PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF** |
| **VAPORA INC.,** a Canadian Corporation; and **DOES 1-10,** | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff VU DOAN DBA VAPORALL, by and through its undersigned counsel, hereby files it Complaint against Defendant VAPORA, INC., a Canadian Corporation, and in support thereof, states as follows:

## PARTIES

1.      Plaintiff Vu Doan dba Vaporall ("Plaintiff") is an individual who is the owner of and does business as Vaporall.  Plaintiff maintains his principal place of business in the city of San Jose, county of Santa Clara, California.

2.      Defendant Vapora Inc. ("Defendant") is a corporation organized and existing under the

**COMPLAINT**                                                    1

laws of Canada.

3.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore, sues these Defendants by such fictitious names.  Plaintiff will amend its Complaint to allege the true names and capacities of Defendants designated herein as a DOE when ascertained. Plaintiff is informed and believes, and on such basis alleges that, Defendants, and each of them, designated herein as a DOE, acted in concert with each and every other Defendants, intended to and did participate in and caused the events, acts, practices and courses of conduct alleged herein, and proximately caused damage and injury thereby to Plaintiff as alleged herein.

## JURISDICTION AND VENUE

4.     This action arises under the Lanham Trademark Act, 15 U.S.C. Sections 1114, 1117, and 1125(a) and (c). This Court has original subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1338.

5.     Venue is proper in the United States District Court for the Northern District of California District pursuant to 28 U.S.C. §§ 1391(b) and (c); and 28 U.S.C. Section 1400(a).

## GENERAL FACTUAL ALLEGATIONS

6.     Plaintiff brings the instant action for declaratory relief pursuant to 28 U.S.C. Section 2201(a) to obtain a judicial declaration of its rights and priority in use of its VAPORALL and VA VAPORALL trademarks.

7.     Plaintiff is an acclaimed manufacturer, seller, and distributor of high-quality electronic cigarettes and related products, including but not limited to electronic smoking vaporizers, electronic cigarette kits and accessories, electric batteries, atomizers, cartridges, refills, battery chargers, liquids, boxes, cases, and other accessories (collectively, "Products") throughout the United States.  Since its inception beginning in or around September 19, 2012, Plaintiff has sold its Products using its trademarks

**COMPLAINT**                                                      2

VAPORALL and VA VAPORALL throughout the United States, including on its website and through distributors in California, Oregon, Nevada, Texas, Oklahoma, Georgia, Kentucky, South Carolina, Pennsylvania, New Jersey, and New York.

8.     Plaintiff prides itself on providing the best Products in the market and engages in substantial market research to ensure that its customers receive top-quality Products.  Plaintiff's Products are backed by a thirty (30) day refund policy and one (1) year limited warranty to ensure that customers are satisfied with their purchases.

9.     Plaintiff's Products include a wide variety of e-liquid juices, which include a selection of distinct, interesting, and intense flavors. All flavors offered for sale by Plaintiff have been hand selected and are created in a sanitary lab equipped with carbon filters to trap all dust particles and NSF Certified stainless steel tables and racks to avoid unwanted bacteria.  Plaintiff's liquids are pure and never diluted with food coloring or water.

10.     To protect its valuable, unique, and high-quality Products, Plaintiff has sought U.S. trademark registration for its VAPORALL and VA VAPORALL marks.  On or about May 27, 2014, Plaintiff applied for registration of its VAPORALL word mark, Serial No. 86,292,416, in International Class No. 34, with a first use in commerce date of September 10, 2012.  On or about May 28, 2014, Plaintiff applied for registration of its stylized VA VAPORALL mark, Serial No. 86,294,146, in International Class No. 34, with a first use in commerce date of September 10, 2012.

11.     On or about April 21, 2014, Defendant applied for registration its VAPORA word mark, Serial No. 86,257,410, in International Class No. 34 under a Section 1(b) Intent-to-Use and Section 44(d) Application Based on a Foreign Application filing basis.  A true and correct copy of Defendant's application for registration in the United States is attached hereto as Exhibit 1 and incorporated herein by reference. Defendant's application for registration is currently pending with the United States Patent and

Trademark Office ("USPTO").  The filing date of Defendant's foreign application was October 24, 2013.

12.     Defendant's foreign use of its VAPORA mark in Canada is ineffectual to create trademark rights in the United States as priority of trademark rights in the United States depends solely upon priority of use in the United States and not on priority of use anywhere in the world.

13.     Defendant's prior use of its VAPORA mark in Canada does not entitle Defendant to claim exclusive trademark rights in the United States where Plaintiff has used its VAPORALL and VA VAPORALL marks in the United States prior to Defendant's entry into the domestic American market.

14.     Defendant's VAPORA mark is not a famous mark and is not well known by reputation in the United States.

15.     On information and belief, Defendant has actively engaged or intends to actively engage in the manufacture, advertisement, sale, and distribution of products which infringe upon Plaintiff's VAPORALL and VA VAPORALL marks, in clear violation of Plaintiff's intellectual property rights and interests.

16.     Plaintiff is entitled to priority in use of its VAPORALL and VA VAPORALL marks as its first use in commerce date of September 10, 2012 precedes Defendant's April 21, 2014 filing of its intent to use its VAPORA mark with the USPTO and further precedes Defendant's October 24, 2013 filing of its foreign application.

17.     Defendant's intended and ongoing use of its VAPORA mark is confusingly similar, infringes upon, and dilutes Plaintiff's rights in its VAPORALL and VA VAPORALL marks.    There exists a reasonable likelihood of confusion, mistake, or error in the marketplace for persons who are seeking to purchase electronic cigarettes, related products, and accessories.

18.     Many electronic cigarette businesses have entered the growing marketplace by offering inferior and subpar products.  Plaintiff anticipates and has a reasonable apprehension that it will suffer lost

**COMPLAINT**                                                    4

sales, substantial consumer confusion, and damage to its business reputation and goodwill if Defendant is permitted to use or register its VAPORA mark in the United States.

**FIRST CAUSE OF ACTION**
**Declaratory Relief**

19.    Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 18 above as though fully set forth herein.

20.    An actual, substantial, and continuing controversy between Plaintiff and Defendant concerning their respective rights and duties regarding the use of their respective trademarks in the United States.

21.    Plaintiff's Products bearing its VAPORALL and VA VAPORALL marks were introduced to the U.S. market at least as early as September 10, 2012.  Plaintiff contends that it is entitled to priority in use of its VAPORALL and VA VAPORALL marks as its first use in commerce date of September 10, 2012 precedes Defendant's April 21, 2014 filing of its intent to use its VAPORA mark.  Plaintiff further contends that Defendant's intended and ongoing use of its VAPORA mark is confusingly similar, infringes upon, and dilutes Plaintiff's rights in its VAPORALL and VA VAPORALL marks, resulting in a reasonable likelihood of confusion, mistake, or error in the marketplace for persons who are seeking to Plaintiff's Products. Plaintiff anticipates and has a reasonable apprehension that Defendant's use of its VAPORA mark in the United States will cause Plaintiff to suffer lost sales, substantial consumer confusion, and damage to its business reputation and goodwill.

22.    On information and belief, Defendant contends that its VAPORA mark is sufficiently distinct and dissimilar such that it does not infringe upon Plaintiff's marks and is not likely to cause confusion, mistake, or error in the marketplace for persons who are seeking to purchase electronic cigarettes, related products, and accessories.

23.    Accordingly, there exists a substantial controversy of sufficient immediacy and reality to

**COMPLAINT**                                                                                         5

warrant the issuance of a declaratory judgment.  A declaration of rights is both necessary and appropriate at this time in order for Plaintiff to ascertain its rights and duties to sell its genuine and authentic Products free of any conduct by Defendant that infringes upon Plaintiff's intellectual property rights and interests in its VAPORALL and VA VAPORALL marks.

WHEREFORE, Plaintiff, Vu Doan dba Vaporall, prays for relief and judgment as follows:

1.    A judicial determination and declaration that Plaintiff's VAPORALL and VA VAPORALL marks have priority over Defendant's VAPORA mark;

2.    A judicial determination and declaration that Defendant's VAPORA mark is confusingly similar to Plaintiff's VAPORALL and VA VAPORALL marks and there exists a reasonable likelihood of confusion, mistake, or error in the marketplace;

3.    A judicial determination and declaration that Defendant's VAPORA mark may not be used or registered as a mark in the United States and that Defendant be prevented from any existing or continued use of its VAPORA mark;

4.    For reasonable attorney's fees and costs of suit incurred herein; and

5.    For such other and further relief as the Court may deem just and proper.

DATED: July 2, 2014                                INHOUSE COUNSEL


By: _____/s/ Ali Kamarei_____
      Ali Kamarei, Esq.
      Attorney for Plaintiff
      Vu Doan dba Vaporall

**COMPLAINT**                                6

**EXHIBIT  1**

PTO Form 1478 (Rev 9/2006)
OMB No. 0051-0009 (Exp 12/31/2014)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 86257410**
**Filing Date: 04/21/2014**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 86257410 |
| **MARK INFORMATION** | |
| *MARK | VAPORA |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | VAPORA |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | VAPORA INC. |
| *STREET | 3437 Avenue du Musee |
| *CITY | Montreal, Quebec |
| *COUNTRY | Canada |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | H3G2C8 |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | company |
| **STATE/COUNTRY UNDER WHICH ORGANIZED** | Canada |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **INTERNATIONAL CLASS** | 034 |
| | Cigarettes for use as an alternative to traditional cigarettes; Electric cigarettes |

| | |
|---|---|
| *IDENTIFICATION | containing tobacco substitutes; electronic smoking devices, namely electronic cigarettes, electronic smoking vaporizers; electronic cigarette kits and accessories associated with electronic cigarettes, namely, electric batteries, atomizers, cartridges, refills, battery chargers, liquids for electronic cigarettes, boxes and cases |
| FILING BASIS | SECTION 1(b) |
| FILING BASIS | SECTION 44(d) |
| FOREIGN APPLICATION NUMBER | 1650274 |
| FOREIGN APPLICATION COUNTRY | Canada |
| FOREIGN FILING DATE | 10/24/2013 |
| INTENT TO PERFECT 44(d) | At this time, the applicant intends to rely on Section 44(e) as a basis for registration. If ultimately the applicant does not rely on Section 44(e) as a basis for registration, a valid claim of priority may be retained. |
| INTERNATIONAL CLASS | 035 |
| *IDENTIFICATION | Retail stores offering for sale the above described goods; Operation of a website offering information about smoking cessation and smoking alternative products; sale of smoking cessation and smoking alternative products |
| FILING BASIS | SECTION 1(b) |
| FILING BASIS | SECTION 44(d) |
| FOREIGN APPLICATION NUMBER | 1650274 |
| FOREIGN APPLICATION COUNTRY | Canada |
| FOREIGN FILING DATE | 10/24/2013 |
| INTENT TO PERFECT 44(d) | At this time, the applicant intends to rely on Section 44(e) as a basis for registration. If ultimately the applicant does not rely on Section 44(e) as a basis for registration, a valid claim of priority may be retained. |
| ATTORNEY INFORMATION | |
| NAME | Thomas J. Moore |
| ATTORNEY DOCKET NUMBER | VAPO6003/TJM |

| FIRM NAME | BACON & THOMAS, PLLC |
|---|---|
| STREET | 625 Slaters Lane, Fourth Floor |
| CITY | Alexandria |
| STATE | Virginia |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 22314-1176 |
| PHONE | 703-683-0500 |
| FAX | 703-683-1080 |
| EMAIL ADDRESS | mail@baconthomas.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Eugene Mar, Richard E. Fichter, Felix J. D'Ambrosio, and John R. Schaefer |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Thomas J. Moore |
| FIRM NAME | BACON & THOMAS, PLLC |
| STREET | 625 Slaters Lane, Fourth Floor |
| CITY | Alexandria |
| STATE | Virginia |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 22314-1176 |
| PHONE | 703-683-0500 |
| FAX | 703-683-1080 |
| EMAIL ADDRESS | mail@baconthomas.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| NUMBER OF CLASSES | 2 |
| FEE PER CLASS | 325 |
| *TOTAL FEE DUE | 650 |
| *TOTAL FEE PAID | 325 |
| **SIGNATURE INFORMATION** | |

| SIGNATURE | /Thomas J. Moore/ |
|---|---|
| SIGNATORY'S NAME | Thomas J. Moore |
| SIGNATORY'S POSITION | Owner's Attorney, Va. Bar Member |
| DATE SIGNED | 04/21/2014 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2014)

# Trademark/Service Mark Application, Principal Register

### Serial Number: 86257410
### Filing Date: 04/21/2014

## To the Commissioner for Trademarks:

**MARK:** VAPORA (Standard Characters, see mark)
The literal element of the mark consists of VAPORA.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, VAPORA INC., a company organized under the laws of Canada, having an address of
   3437 Avenue du Musee
   Montreal, Quebec H3G2C8
   Canada

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

   International Class 034:  Cigarettes for use as an alternative to traditional cigarettes; Electric cigarettes containing tobacco substitutes; electronic smoking devices, namely electronic cigarettes, electronic smoking vaporizers; electronic cigarette kits and accessories associated with electronic cigarettes, namely, electric batteries, atomizers, cartridges, refills, battery chargers, liquids for electronic cigarettes, boxes and cases
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

Priority based on foreign filing: Applicant has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services and asserts a claim of priority based on Canada application number 1650274, filed 10/24/2013. 15 U.S.C. Section 1126(d), as amended.
INTENT TO PERFECT 44(d) : At this time, the applicant intends to rely on Section 44(e) as a basis for registration. If ultimately the applicant does not rely on Section 44(e) as a basis for registration, a valid claim of priority may be retained.

   International Class 035:  Retail stores offering for sale the above described goods; Operation of a website offering information about smoking cessation and smoking alternative products; sale of smoking cessation and smoking alternative products
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

Priority based on foreign filing: Applicant has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services and asserts a claim of priority based on Canada application number 1650274, filed 10/24/2013. 15 U.S.C. Section 1126(d), as amended.
INTENT TO PERFECT 44(d) : At this time, the applicant intends to rely on Section 44(e) as a basis for registration. If ultimately the applicant does not rely on Section 44(e) as a basis for registration, a valid claim of priority may be retained.

The applicant's current Attorney Information:
    Thomas J. Moore and Eugene Mar, Richard E. Fichter, Felix J. D'Ambrosio, and John R. Schaefer of BACON & THOMAS, PLLC
    625 Slaters Lane, Fourth Floor
    Alexandria, Virginia 22314-1176
    United States
The attorney docket/reference number is VAPO6003/TJM.
 The applicant's current Correspondence Information:
    Thomas J. Moore
    BACON & THOMAS, PLLC
    625 Slaters Lane, Fourth Floor
    Alexandria, Virginia 22314-1176
    703-683-0500(phone)
    703-683-1080(fax)
    mail@baconthomas.com (authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The signatory believes that: if the applicant is filing the application under 15 U.S.C. Section 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant or the applicant's related company or licensee is using the mark in commerce on or in connection with the goods/services in the application, and such use by the applicant's related company or licensee inures to the benefit of the applicant; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the applicant filed an application under 15 U.S.C. Section 1051(b), Section 1126(d), and/or Section 1126(e), the applicant is entitled to use the mark in commerce; the applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Thomas J. Moore/   Date: 04/21/2014
Signatory's Name: Thomas J. Moore
Signatory's Position: Owner's Attorney, Va. Bar Member
RAM Sale Number: 86257410
RAM Accounting Date: 04/21/2014

Serial Number: 86257410
Internet Transmission Date: Mon Apr 21 11:28:49 EDT 2014
TEAS Stamp: USPTO/BAS-50.246.95.157-2014042111284913
3099-86257410-500799911a99ac8e0c5cf8e502
bb9aacff9062e0988cd5b140d7d51f14dcf2b6d0
-DA-6835-20140421112528420407

# VAPORA